IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOHN MARTIN PIGGOTT #K-98713,   )
                                )
            Plaintiff,          )
                                )
     v.                         )    No.  11 C 2426
                                )
MARVIN REED, et al.,            )
                                )
            Defendants.         )

MEMORANDUM ORDER

Stateville Correctional Center ("Stateville") inmate John Martin Piggott ("Piggott") has submitted a self-prepared 42 U.S.C. §1983 ("Section 1983") Complaint in which he alleges that deliberate indifference on the part of three members of the Stateville staff caused him to sustain an injury in violation of his constitutional rights. Piggott has accompanied his Complaint with forms of an Application To Proceed Without Prepayment of Fees ("Application") and a Motion for Appointment of Counsel ("Motion"), with the Application being accompanied in turn by a printout reflecting the transactions in Piggott's trust fund account at Stateville Correctional Center ("Stateville") for the relevant six-month period prescribed by 28 U.S.C. §1915(b)(1)[1] and with the Motion reflecting his many unsuccessful efforts to obtain counsel on his own.

As for the Application, the trust fund printout shows that

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

average monthly deposits to the account came to $16.53, 20% of which was $3.30. Accordingly the Application is granted to the extent that Piggott need not pay the full $350 filing fee in advance, although he must pay the entire fee in current and future installments.

Piggott is therefore assessed that initial partial payment of $3.30, and the Stateville trust fund officer is ordered to collect that amount from Piggott's trust fund account and to pay it directly to the Clerk of Court ("Clerk"):

>Office of the Clerk
>United States District Court
>219 South Dearborn Street
>Chicago IL 60604
>
>Attention:  Fiscal Department

Both that initial payment and all future payments called for in this memorandum order shall clearly identify Piggott's name and the 11 C 2426 case number assigned to this action. To implement these requirements, the Clerk shall send a copy of this memorandum order to the Stateville trust fund officer.

After such initial payment, the trust fund officer at Stateville (or at any other correctional facility where Piggott may hereafter be confined) is authorized to collect monthly payments from Piggott's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account

exceeds $10 until the full $350 filing fee is paid.

As for the Motion, the Complaint is sufficiently colorable to justify the appointment of counsel to represent Piggott. This Court has accordingly set an initial status hearing date and appoints this member of the trial bar to represent Piggott pro bono publico:

>Brian Michael Dougherty, Esq.
>Golstine Skrodzki Russian Nemec & Hoff
>835 McClintock Drive, 2d Floor
>Burr Ridge IL 60527

_____
Milton I. Shadur
Senior United States District Judge

Date: April 12, 2011